8/21/2019 10:44 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36145192
By: Carolina Salgado
Filed: 8/21/2019 10:44 AM

**2019-58208 / Court: 270**

Cause No. _____

| | | |
|---|---|---|
| KEVIN NGUYEN, and | | |
| KIM ANH NGUYEN | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEOVERA ADVANTAGE INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | _____ JUDICAL DISTRICT |

---

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, KEVIN NGUYEN and KIM ANH NGUYEN (herein "Plaintiff ") and

files this PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE,

complaining of GEOVERA ADVANTAGE INSURANCE COMPANY (herein "GAIC"), and

respectfully shows this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the

Texas Rules of Civil Procedure.

### II.   PARTIES

2.      Plaintiffs Kevin Nguyen and Kim Anh Nguyen are residing in Harris County,
Texas.

3.      Defendant GAIC is a foreign insurance company engaged in the business of

insurance in the State of Texas with its principal office located in Fairfield, California. The

causes of action asserted arose from or are connected with purposeful acts committed by

Defendant in the State of Texas, in Harris County. Defendant GAIC may be served via

its registered Attorney for Service: Corporation Service Company, 211 East 7th Street,

1



Suite 620, Austin, TX 78701-3218.

### III.   JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief of more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.      The Court has jurisdiction over Defendant GAIC because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.   VENUE

6.      Venue is proper in Harris, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V.   FACTS

7.      Plaintiffs are the owner of a GeoVera Advantage Insurance Policy, with Policy No. GC40019367, which was issued and sold by GAIC (hereinafter referred to as "the Policy") and was effective during the date of incident (See Exhibit A).

8.      Plaintiffs own the insured property, which is specifically located at 12826 Jasmine Stone Drive, Houston, TX 77072, which is located in Harris County, Texas (herein "the Property").

9.      On or about August 25, 2017, a severe wind and/or hail storm, a/k/a Hurricane Harvey, struck Harris County, Texas ("the Incident").  This storm caused substantial damage to buildings in the area, including Plaintiffs' Property. On or about July 6, 2019, Plaintiffs had an independent estimate conducted on the Property by EZ Roof & Construction.  EZ Roof & Construction found that the Property sustained substantial wind and/or hail damage as a result

2

of the Incident. Specifically, the laminated shingle roofing of Plaintiffs' dwelling sustained extensive wind and/or hail damage and requires *full replacement* along with the roof components, such as the closed valley system, galvanized flashing, storm guard in both valley(s) and chimney, metal drip edge, all ridge vents, pluming jack, and replacement and painting of all roof vents. In addition, EZ Roof & Construction determined that an asphalt starter course will be required to effectuate roof repairs (See Exhibit B).

10.     Prior to the inspection and repairs conducted by EZ Roof & Construction, Plaintiffs submitted a claim to GAIC against the Policy referenced in paragraph 7 for hail and wind damage to the Property sustained as a result of the Incident, and their claim was assigned claim number 1724200897 by Defendant GAIC on May 17, 2019 ("the Claim"). Plaintiffs asked that GAIC cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

11.     GAIC acknowledged the claim and informed the Plaintiffs that further on-site investigation of the claim might be necessary.

12.     Thereafter, GAIC assigned Mr. Michael Mikula (herein "Mikula") to inspect the Property and adjust the claim on its behalf.

13.     As of August 7, 2019, Defendant GAIC has not adequately compensated Plaintiffs' claim.

14.     Defendant GAIC failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the Policy. Specifically, it refused to pay adequately proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. GAIC's conduct constitutes a breach of the insurance contract between GAIC and Plaintiffs.

15.     Defendant GAIC and Mikula failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant GAIC conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

16.     Defendant GAIC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. GAIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

17.     Defendant GAIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. GAIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

18.     As a result of Defendant GAIC and Mikula's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI.     CAUSES OF ACTION

19.     Defendant GAIC is liable to Plaintiffs for breach of contract, "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code, and for Mikula's acts as GAIC's agent.

## A.   BREACH OF CONTRACT

20.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

21.     Defendant GAIC's conduct constitutes a breach of the insurance contract made

between GAIC and Plaintiffs.

22.      A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.–Houston [1st Dist.] 2005, pet. denied).

23.      A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

24.      Defendant GAIC's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiffs fully performed all of their obligations under the Policy, including the payment of the premium, constitutes a breach of GAIC's insurance contract with Plaintiffs.

## B.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

25.      Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

26.      Defendant GAIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

27.      Defendant GAIC's unfair settlement practice, as described above, of failing to attempt

in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though GAIC's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.  INS.  CODE §541.060(a)(2)(A).

28.      Defendant GAIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

29.      Defendant GAIC's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

   C.  <u>NONCOMPLICANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF</u>
<u>CLAIMS</u>

30.      Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

31.      Defendant GAIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

32.      Defendant GAIC's failure to notify Plaintiffs in writing of its acceptance or rejection of the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

33.     Defendant GAIC's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D.  ACTS CONSTITUTING ACTING AS AGENT

34.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

35.     Defendant Mikula's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant Mikula's unfair settlement practice, as described above, of failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.     The unfair settlement practice of Mikula as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38.     Defendant Mikula's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive

act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.　　Mikula did not properly inspect the Property and therefore failed to assess many of the Plaintiffs' covered damages, although Plaintiffs had reported the same to Mikula. Defendant Mikula's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40.　　An insured that is subject to prohibited conduct by an insurance carrier, or its representatives and agents, can seek redress under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act (herein "DTPA"). TEX. Bus. & COM. CODE § 17.43; *Vail v. Texas Farm Bur. Mut. Ins. Co.,* 754 S.W.2d 129, 133-36 (Tex. 1988).

41.　　Plaintiffs are a "consumer" under the DTPA. TEX. Bus. & COM. CODE § 17.45(4).

42.　　Section 17.45(5) of the DTPA defines "unconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. Bus. & COM. CODE § 17.45(5).

43.　　Section 17.50 of the DTPA authorizes a consumer to "maintain an action where [. . .] any unconscionable action or course of action *by any person* " constitutes a producing cause of economic damages or damages for mental anguish. TEX. Bus. & COM. CODE § 1 7.50(a)(3) (emphasis added).

44.　　In the instant matter, Mikula clearly sought to take advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiffs to a grossly unfair degree. After the full-detailed estimate report was given to the Plaintiffs, Mikula did not clearly explained what

8

he found during his inspection at the Property.

45.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Mikula is an agent of Defendant GAIC based on Defendant GAIC's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

46.     Separately, and/or in the alternative, as referenced and described above, Defendant GAIC ratified the acts, negligent hiring and training, supervision and/or omissions of Mikula, including the completion of his duties under the common-law and statutory law.

## VII.     KNOWLEDGE

47.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

48.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## VIII.     DAMAGES

49.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

50.     As previously mentioned, the damages caused by the August 25, 2017 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant GAIC's mishandling of Plaintiffs' claim in violation of the laws set forth above.

51.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

52.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

53.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as fifteen (15) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

54.     For Defendant Mikula's violation of the DTPA, Plaintiffs are entitled to economic damages, damages for mental anguish, exemplary damages, court costs & expenses, and reasonable attorneys' fees.

55.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.     CONDITIONS PRECEDENT

56.     Plaintiffs assert that all conditions precedent to filing suit under the policy referenced in paragraph 7 have been met and fulfilled.

## X.     REQUESTS FOR DISCLOSURE

57.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs hereby request

Defendant GAIC disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (1) of the Texas Rules of Civil Procedure.

## XI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff pray that upon trial hereof, said Plaintiffs recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he is justly entitled.

**Johnny Nguyen & Associates**
By: */s/Johnny Nguyen*
Johnny Nguyen
SBN: 24090667
2825 Wilcrest Drive
Suite 308
Houston, Texas, 77042
T: (832) 834-5918
F: (281) 503-7503
jnguyen@johnnynguyenlaw.com

Attorney for Plaintiffs:
KEVIN NGUYEN and KIM ANH
NGUYEN